SOUTHERN OHIO SAV. BK. & TR. CO. v. BROWN et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3140. Decided Apr. 16, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**DECEDENTS' ESTATES.**
(220 G) Stockholders, who at no time have possession of, dominion over, or control of stock, other than when it was handed to them and they endorsed it in blank and returned it, and who never had any voice in affairs of corporation, did not receive such stock as gift inter vivos.

Error to Common Pleas.

Judgment reversed.

John Weld Peck, Amos P. Foster and Malcolm McAvoy, Cincinnati, for Bank & Tr.

John C. Healy and A. L. Herrlinger, Cincinnati, for Brown et.

STATEMENT OF FACTS.
Prior to February 14, 1914, William Brown owned real estate known as the Auburndale Apartment Building on Mt. Auburn, in Cincinnati, Ohio. Its value at the time of his death, in November, 1921, was approximately $99,000.00.

The real estate in question was transferred by Brown in February, 1914, to a corporation that had been organized under the laws of Ohio, known as the Auburndale Realty Company. The capital stock of the corporation was $10,-000.00, divided into 100 shares, par value $100.00. The consideration for the transfer of the real estate was the issuance of the stock of the corporation "to such persons as I (William Brown) may designate." The corporation accepted the conveyance.

William Brown at the time was a widower. He had two sons, Alexander McDonald Brown and William E. Brown. Bessie M. Brown was the wife of William E. Brown.

The certificates of stock in the corporation were made out in the names of Alexander McDonald Brown, 48 shares; William E. Brown, 48 shares; Bessie M. Brown, 1 share; John C. Healy, 1 share; and William Brown, 2 shares. The certificates were at the same time endorsed in blank and handed to William Brown. He retained and exercised dominion and control over them until his death. He managed the property, appropriated the income of about $10,000.00 annually to his own use, and did not account for the same to the corporation or the stockholders. William Brown was elected president and treasurer of the corporation. In February of each year thereafter, William Brown, in his own handwriting, on sheets of letter paper wrote the following:

"February 14, 1915.
Pursuant to notice given of election at Second Annual Stockholders' Meeting of the Auburndale Realty Co.
A Directors' Meeting was this day held at Auburndale Apartment Building.
The Directors being present in person as follows: Wm. Brown, Alex. McD. Brown, and Wm. E. Brown-Bessie M. Brown.
Wm. E. Brown was chosen chairman and Alex. McD. Brown, Sec'y of the meeting.
The annual report of the Company was approved. No change was contemplated. All officers remaining the same. Meeting adjourned.
Signed WM. BROWN, Pres. & Tr.
ALEX. McD. BROWN, Sec'y,
WM. E. BROWN, Vice-Pres.

Each year thereafter a similar memorandum was made. William Brown died November 27, 1921. December 2, 1921, The Southern Ohio Savings Bank & Trust Company was appointed administrator of the estate of William Brown.

December 2, 1922, the administrator filed an account. December 27, 1922, the administrator filed a corrected account.

December 30, 1922, Alexander McDonald Brown, William E. Brown and Bessie M. Brown claimed to be the owners of the stock of said corporation in the proportions above stated. In this connection it should be noted that when the safe deposit box of William Brown was opened, Alexander McDonald Brown and William E. Brown were present, but did not at that time, nor at any time prior to December 30, 1922, claim to own the stock in question.

It is admitted that none of the persons to whom the stock of the corporation was issued gave any consideration for it, and the question is whether the said William Brown made a gift inter vivos to the persons to whom the stock was issued. The stockholders at no time had any possession of, dominion over, or control of the stock, other than the time that it was handed to them, and they endorsed it in blank.

Our conclusion is that there was not sufficient evidence to establish a gift inter vivos and that the stock was an asset of the estate of William Brown, deceased.

The judgment of the Court of Common Pleas will be reversed, and the cause will be remanded to that court for further proceedings.

(Hamilton, PJ., and Mills, J., concur.)